UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LABRYS FUND, L.P. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. |
| | ) |
| RENEWABLE ENERGY, AND POWER, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### Introduction

This is a complaint for breach of a promissory note (the "Note") and unjust enrichment. The Plaintiff, Labrys Fund, L.P. seeks damages in the amount of $218,579.56 and attorneys' fees and costs as of the filing date, and ongoing, against the Defendant, Renewable Energy and Power, Inc. ("RBNW").

### PARTIES

1. The Plaintiff, Labrys Fund, is a Delaware Limited Partnership with a principal place of business at 48 Parker Road, Wellesley, Massachusetts 02482.

2. The Defendant, RBNW, is a Delaware Corporation with a principal place of business at 3395 Cheyenne Avenue, Suite 111, North Las Vegas, NV 83902.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because the parties are of complete diversity and the amount in controversy exceeds $75,000.

4. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391, as the Section 4.6 of the convertible promissory note executed by the parties (the "Note") provides that any action must be brought in the state or federal courts in the Commonwealth of Massachusetts. Massachusetts is also the District where Labrys Fund is headquartered and has its principal place of business.

## FACTS

5. For good and valuable consideration, on or about June 26, 2017, RBNW executed as maker the Note made payable to Labrys Fund in the original principal amount of $103,138.17 (*See* Exhibit 1, Note). Section 4.6 of the Note provides that it shall be governed by and construed in accordance with the laws of the state of Nevada without regard to principles of conflicts of laws.

6. The Note contains an affidavit of Confession of Judgment provision which allows Labrys Fund to file a Confession of Judgment providing for the immediate execution of judgment in the event of a default in the terms of the Note, a provision that is valid under the laws of the State of Nevada.

7. RBNW failed to pay as required under the terms of the Note by failing to make payment when the Note matured and by failing to reserve sufficient stock to enable Labrys Fund to execute the stock conversions to which Labrys Fund was entitled.

8. On January 30, 2018, the parties entered into an Amendment to the Note (Exhibit 2),

which required RBNW to make periodic payments. RBNW made the first $10,000 payment on February 1, 2018, a day after it was due. But after that, RBNW made no other payments, in violation of the terms of Amendment 1 of the Note. The violation of the Amendment constitutes a violation of the terms of both the Amendment and the Note.

9. Thus, as of March 1, 2008, pursuant to Section 3.16 of the Note, RBNW is liable for the $103,138.17 of the principal, an additional amount of $103,138.17, and $6,151.61 of the interest in the Note, for a total of at least $218,579.56. In addition, Section 4.5 of the Note provides that RBNW must also pay the costs of collection and attorneys' fees.

10. RBNW was notified of this violation on March 8, 2018, but took no action to correct the violation.

## CAUSES OF ACTION

### COUNT I

**Breach of Promissory Note**

11. Labrys Fund repeats and realleges the allegations of each of the paragraphs above as if expressly stated here.

12. RBNW, the maker of the Note, received $103,138.17 from Labrys Fund, the holder of the Note and promised to make payment to Labrys Fund pursuant to the Note's terms.

13. Labrys Fund did not breach any of its obligations.

14. RBNW has breached its obligations as maker of the Note, the Note is in default, and the amount of $218,579.56 is due and owing. RBNW has failed and refused to pay the amount due under the Note and Labrys Fund has thereby been harmed. RBNW must pay

Labrys Fund all of the money required under the terms of the Note.

## COUNT II

### Unjust Enrichment

15. Labrys Fund repeats and realleges the allegations of each of the paragraphs above as if expressly stated here.

16. RBNW received benefit from Labrys Fund without providing an equivalent value for this benefit.

17. By these actions, RBNW has been unjustly enriched.

18. As a result of RBNW's unjust enrichment, Labrys Fund has suffered a detriment, including general, special, and consequential damages, such as lost profits, expectancy damages, interest and other injuries.

WHEREFORE, Labrys Fund respectfully requests that this Court grant it the following relief:

    a)    Determine that RBNW is liable for all damages, losses and costs, as alleged here.

    b)    Render judgment in favor of Labrys Fund and award it the amount of its losses.

    c)    Award Labrys Fund its costs and attorneys' fees.

Respectfully submitted,

March 14, 2018

Labrys Fund, L.P.
By its attorneys,

/s/ *Timothy Cornell*
Timothy Cornell, BBO #654412
Patrick J. Dolan, BBO #564250
Cornell Dolan, P.C.
One International Place, Suite 1400
Boston, MA 02110
(617) 535-7763 (main)
(617) 535-7650 (fax)
tcornell@cornelldolan.com
pdolan@cornelldolan.com